4355 Windsor Lake Drive
Louisa, VA 23093



January 24, 2023

The Honorable Henry E. Hudson
United States District Court Judge
United States District Court for the Eastern District of Virginia
701 E Broad St
Richmond, VA 23219

RE:   Restitution - Moe Mathews
      Case Number: 3:22-CR-43

Dear Judge Hudson,

This letter is regarding Moe Mathews, in the case number referenced above.

As you may know, Moe surrendered himself to FCI Cumberland as required on November 9, 2022. Upon his arrival, after 9 days in solitary confinement, he was issued 2 sets of uniforms and one pair of steel-toe boots. Anything additional, he was required to purchase from the commissary, for example, t-shirts, sweats, tennis shoes, writing materials, stamps, alarm clock, etc. At the beginning, I was able to send him enough money to purchase these items.

This past week, he was advised by his counselor that he must begin paying restitution immediately and was required to sign a form agreeing to pay $210 per month from his commissary account. He was told that if he refused to sign, all credits for good time, etc. would be denied. He does have a teaching job, for which he is to be paid $25/month, however, the facility does not have enough money in their budget to pay this. The only money he has is what I send to him. I am now sending him only about $300 per month, the $210 number is calculated based on the initial amounts that I sent to him upon his arrival, in the first 4-5 weeks there.

On Friday, January 21, 2023, I went to the US District Court Clerk's office and obtained a copy of the Restitution Order. The confusion is coming from the Schedule of Payments. Paragraphs B and D are checked.
- Paragraph B says, "Payment to begin immediately (may be combined with D below); or" and
- Paragraph D, says, "Payment in equal monthly installments of $100 to commence 60 days after release from imprisonment to a term of supervision;"

Also, I previously obtained and reviewed the transcript from the sentencing hearing in your Court from October 7, 2022. On page 52, lines 12-17 state:

"If your special assessment is not paid by the time you begin your supervised release, you will be required to make payments of not less than $100 per month until your special assessment as well as your restitution is paid in full and that will begin 60 days after supervised release begins." The special assessment has been paid.

Your Honor, we would greatly appreciate it if you are able to clarify this matter to the counselors at FCI Cumberland – addressed to his Camp Unit Manager, Ms. Washington and his Case Manager, Mr. Bosley.

Thanking you in advance for your attention to this matter.

Respectfully,

Catherine R. Mathews